*Hinchey v. First Unum Life Ins. Co.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty-one.

PRESENT:
> BARRINGTON D. PARKER,
> REENA RAGGI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

---

JOSEPH J. HINCHEY,

> *Plaintiff-Appellant,*

> v.                                                                  No. 20-1342

FIRST UNUM LIFE INSURANCE COMPANY,
MANHATTANVILLE COLLEGE,

> *Defendants-Appellees,*

UNUM LIFE INSURANCE COMPANY OF AMERICA,

> *Defendant.*

---

FOR APPELLANT:                          RICHARD E. HERSHENSON, ESQ., New York, NY.

FOR APPELLEES:                                PATRICK W. BEGOS (Milanna Datlow, *on the brief*), Robinson & Cole LLP, Stamford, CT, and Hartford, CT.

Appeal from a judgment of the United States District Court for the Southern District of New York (Román, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 23, 2020, is **AFFIRMED**.

Plaintiff-Appellant Joseph J. Hinchey appeals from the grant of summary judgment to Defendants-Appellees First Unum Life Insurance Company ("First Unum") and Manhattanville College ("Manhattanville"), and the denial of his cross-motion for summary judgment, on his Employee Retirement Income Security Act of 1974 ("ERISA") claim. Hinchey alleges that First Unum incorrectly determined he was no longer entitled to long-term disability benefits under an ERISA health and welfare plan (the "Plan") provided by his former employer, Manhattanville.

This Court reviews *de novo* the district court's grant of summary judgment. *See In re DeRogatis*, 904 F.3d 174, 186 (2d Cir. 2018). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

First Unum began paying Hinchey long-term disability benefits in 2011 following Hinchey's August 2010 heart surgery. In 2016, First Unum determined that Hinchey was no longer disabled under the terms of the Plan and discontinued paying his benefits. Hinchey sued First Unum and Manhattanville under ERISA's civil enforcement provision, 29 U.S.C. § 1132, asserting his continued entitlement to benefits.

The district court applied an arbitrary and capricious standard of review to First Unum's benefits determination. After a careful examination of the record evidence, the district court concluded that no material facts were in dispute and that First Unum's benefits

determination was not arbitrary and capricious. On that basis, it awarded summary judgment to First Unum and Manhattanville.

On appeal, Hinchey primarily reasserts the arguments he advanced in the district court. First, he argues that, in processing his claim, First Unum violated an ERISA claims-procedure regulation, 29 C.F.R. § 2560.503-1. On that basis, he maintains that the district court erred by applying the arbitrary and capricious review standard instead of conducting *de novo* review of the benefits determination. Second, Hinchey points to statements made by his treating physician, Dr. Tartaglia, to demonstrate that he was unable to perform his former occupation of "Security Director," as defined by First Unum's Vocational Rehabilitation Consultant. In light of these statements, he urges, First Unum and Manhattanville were not entitled to summary judgment even under the review standard applied by the district court.[1]

After careful consideration, we conclude that Hinchey presents no reason to disturb the thorough and well-reasoned decision of the district court with respect to these issues. The district court did not err by conducting its review under the arbitrary and capricious standard because, as the district court explained, Hinchey did not demonstrate that First Unum committed a procedural error. In his August 2016 review of Hinchey's medical records, Dr. McAllister, a medical reviewer engaged by First Unum, summarized and took into consideration Dr. Tartaglia's July 27 letter regarding Hinchey's 2016 stress test results, together with the rest of Hinchey's medical record, and concluded that the record did not support Hinchey's claimed inability to perform the tasks required of a Security Director. The district court also reasonably determined that First Unum's benefits determination was not arbitrary and capricious, because it was supported by substantial evidence. For substantially the same reasons as are set forth in the district court's March 20, 2020 decision, we reject Hinchey's arguments on appeal.

\* \* \*

---

[1] Hinchey also argues on appeal that he was unable to perform his former occupation of "Security Director" because of his limited ability to deal with stress. Hinchey did not raise this argument before the district court, however, and, in line with our regular practice, we will not consider it for the first time on appeal. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994).

3

We have considered Hinchey's remaining arguments on appeal and find in them no basis for reversal. The district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4